17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan H. BLAIR, Plaintiff-Appellant,
v.
Gene RAMSEY; Daniel Alban; James May; Douglas L. Kraemer,
Defendants-Appellees.
 No. 92-36593.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alan H. Blair appeals pro se the district court's order granting summary judgment to all defendants based on judicial immunity and qualified immunity. In his complaint, Blair claims violations of various constitutional rights regarding his being found guilty of certain traffic infractions and the suspension of his driving privileges. We conclude that the district court lacked subject-matter jurisdiction, and we vacate the judgment and remand with instructions to enter a judgment of dismissal.
 
 
 3
 As a preliminary matter, we must determine whether the federal courts have jurisdiction to hear Blair's action. See MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987) (per curiam); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970); MacKay, 827 F.2d at 543; Worldwide Church, 805 F.2d at 890. This prohibition applies even when the state court decision under attack is not that of the state's highest court. MacKay, 827 F.2d at 545 n.10; Worldwide Church, 805 F.2d at 893 n.3.
 
 
 4
 Here, Blair attacks the state court judgment by claiming that: (1) defendant Ramsey lacked authority and jurisdiction to stop Blair for traffic infractions; (2) the state court lacked personal jurisdication; and, therefore, (3) Blair's dirver's license was improperly revoked. Blair requests an annulment of the state court judgment and an order notifying his insurance company that the state court judgment has been annulled.[1] Blair requests " 'a mere revision of errors and irregularities, or of the legality and correctness' of the state court judgment." See MacKay, 827 F.2d at 545. Therefore, we conclude that Blair's "case is 'substantially a continuation' of the state court proceedings." See id. at 544. As such, Blair's claims should be resolved by the Idaho appellate courts, not by the federal court of original jurisdiction.[2] See id. at 545.
 
 
 5
 Here, Blair attacks the state court judgment by claiming that: (1) defendant Ramsey lacked authority and jurisdiction to stop Blair for traffic infractions; (2) the state court lacked personal jurisdiction; and, therefore, (3) Blair's driver's license was improperly revoked. Blair requests an annulment of the state court judgment and an order notifying his insurance company that the state court judgment has been annulled.[1] Blair requests " 'a mere revision of errors and irregularities, or of the legality and correctness' of the state court judgment." See MacKay, 827 F.2d at 545. Therefore, we conclude that Blair's "case is 'substantially a continuation' of the state court proceedings." See id. at 544. As such, Blair's claims should be resolved by the Idaho appellate courts, not by a federal court of original jurisdiction.[2] See id. at 545.
 
 
 6
 Accordingly, we vacate the district court's order granting summary judgment and remand the case with instructions to enter an order dismissing the case for lack of subject-matter jurisdiction.
 
 
 7
 Defendants Kraemer and Ramsey have requested fees and costs in this appeal. We decline to make such an award.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Blair's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, Blair seeks $88 million in compensatory and punitive damages
 
 
 [2]
 Of course, if Blair took his case through the Idaho appellate system, he could petition the United States Supreme Court to review the opinion of Idaho's highest court. See 28 U.S.C. Sec. 1257; MacKay, 827 F.2d at 545 n. 11